

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY 29 2020
CLERK, U.S. DISTRICT COURT
By_____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CEDRICK DIGGS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:20-CV-163-A |
| | § | (NO. 4:01-CR-177-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Cedrick Diggs, movant, to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This is a second or successive such motion, but the Fifth Circuit authorized its filing with the caveat that the motion must be dismissed if movant failed to satisfy the requirements for filing it. See 28 U.S.C. § 2244(b)(4); Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001).[1] The court, having considered the motion, the response of United States,[2] the reply, the record, and applicable authorities, finds that the motion should be dismissed.

---

[1] As explained in the court's January 28, 2020 order, in order to be entitled to file a second or successive motion under § 2255, movant must demonstrate either: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Reyes-Requena v. United States, 243 F.3d 893, 900 (5th Cir. 2001).

[2] The response is in the form of a motion to dismiss.

I.

Background

The record in the underlying criminal case reflects the following:

On October 17, 2001, movant was named along with others in a twenty-seven count indictment. CR Doc.[3] 75. Movant was charged in Count Six as follows:

> On or about October 6, 1999, in the Fort Worth Division of the Northern District of Texas, **Telasa Clark and Cedric Diggs**, defendants, aided and abetted by each other and others, did knowingly and willfully obstruct, delay, and affect interstate commerce and did attempt and conspire to obstruct, delay and affect interstate commerce, by robbery, to-wit: the defendants did take and obtain property, namely United States Currency, from the person and in the presence of Timothy Little, an employee of Kroger Grocery Store, 6080 South Hulen, Fort Worth, Texas, against his will by means of actual and threatened force, violence, and fear of injury to his person.
> A violation of Title 18, United States Code, Section 1951(a) and (b) and 2.

Id. at 4. Count Eight contained a similar charge against movant for a robbery that occurred on or about October 26, 1999. Id. Count Ten contained a similar charge against movant for a robbery that occurred on or about November 5, 1999. Id. at 5. Count Twelve contained a similar charge against movant for a robbery of ACE Cash Express that occurred on or about November

---

[3] The "CR Doc. ___" reference is to the number of the item on the docket in the underlying criminal case, No. 4:01-CR-177-A.

12, 1999. Id. at 6. Count Fourteen contained a similar charge against movant for a robbery of Sack N Save Warehouse Food Stores that occurred on or about November 12, 1999. Id. at 7. Count Twenty-Six contained a similar charge against movant for a robbery on or about April 18, 2000. Id. at 11.

Movant was charged in Count Seven as follows:

> On or about October 6, 1999, in the Fort Worth Division of the Northern District of Texas, defendants **Telasa Clark and Cedric Diggs**, aided and abetted by each other and others, did knowingly use and carry a firearm during and in relation to the commission of a crime of violence, namely: a robbery, which obstructed, delayed, and affected commerce, a violation of Title 18, United States Code, Section 1951, as alleged in Count 6 of this indictment, for which the defendants may be prosecuted in a court of the United States.
> In violation of Title 18, United States Code, Section 924(c)(1)(A)(i) and 2.

CR Doc. 75 at 4. Count Nine contained a similar charge against movant with regard to the robbery described in Count 8. Id. at 5. Count Eleven contained a similar charge against movant with regard to the robbery described in Count 10. Id. at 5-6. Count Thirteen contained a similar charge against movant with regard to the robbery described in Count 12. Id. at 6. Count Fifteen contained a similar charge against movant with regard to the robbery described in Count 14. Id. at 7. Count Twenty-Seven contained a similar charge against movant with regard to the robbery described in Count 26. Id. at 11.

Some of the counts were dismissed and the remaining counts were tried by a jury. In giving the instructions with regard to the counts at issue, the court stated:

> Okay. Now I'm going to talk about the counts of the indictment that have to do with robbery affecting commerce. Counts 10, 14, and 26 of the indictment charge [movant] with robbery affecting commerce. . . .
> Title 28, United States Code, Section 1951(a), makes it a crime for anyone to obstruct commerce by robbery. Robbery means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his or her will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his or her person or property, or property in his or her custody or possession, or the person or property of a relative or member of his or her family or of anyone in his or her company at the time of the taking or obtainment.
> Now, for you to find the defendants guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt as to the count under consideration. In other words, this proof has to be made separately as to each of those counts for a finding of guilty as to that count to be made. And, again, I'm going to tell you, one, two, three, first, second, third, what that proof has to be.
> First, that the defendant under consideration, either Lott or [movant], obtained or attempted to obtain money from another person without that person's consent, that is, that other person's consent.
> Second, that the defendant under consideration did so by wrongful use of actual or threatened force, violence, or fear.
> And, third, that such conduct of the defendant under consideration interfered with or affected interstate commerce.
> . . .
> The use of actual or threatened force, violence, or fear is "wrongful" if its purpose is to cause the victim to give property to someone who has no legitimate claim to the property.

4

> Okay. The next series of explanations I'll give you have to do with the counts that allege, in some instances that Defendant Lott, and in other instances that [movant], violated a criminal statute that prohibits the use and carrying of a firearm in connection with a crime of violence.
> Now, in each of these instances the count that has to do with a firearm immediately follows a count in the indictment that has to do with a robbery, and in each instance the firearm count grows out of the robbery count that immediately precedes it. And you'll have the indictment in there so you can see the [sequence]. There will be a robbery count and them immediately after that there will be a count charging violation of the firearm's law. And that would be the pattern throughout. So in answering the parts of the verdict form that have to do with the firearm count, you can know that each time you answer one of those, the firearm count has to do with the robbery that immediately preceded it, the robbery count that immediately preceded it.
> . . . Counts 11, 15, and 27 of the indictment charge [movant] with the using and carrying a firearm in connection with a crime of violence.
> Title 28, United States Code, Section 924(c)(1), makes it a crime for anyone to use and carry a firearm during and in relation to a crime of violence. And you're instructed that bank robbery and robbery are crimes of violence.
> . . .
> Now, that is what I told you a minute ago. Each one of these when --when there's a firearm count, it depends on you having found the defendant guilty of the offense of having committed the robbery in the first place, that is, the immediately preceding count.
> And if you found the defendant guilty of committing the robbery, then the next thing you do is deal with the count that follows that that has to do with the firearm. And in order to convict him of that firearm count, you have to find that he committed that crime charged by the immediately preceding count of the indictment, and that he used and carried a firearm during an in relation to the commission of that crime.

CR Doc. 323 at 634-40.

5

On December 6, 2001, the jury returned its verdict, finding movant guilty as to counts 10, 11, 14, 15, 26, and 27 of the indictment. CR Doc. 227. By judgment signed March 28, 2002, movant was sentenced to terms of imprisonment of 78 months on each of counts 10, 14, and 26, to run concurrently, a term of imprisonment of 60 months on count 11 to run consecutively, and terms of 300 months on each of counts 15 and 27 to run consecutively, for a total sentence of 738 months. CR Doc. 293. Movant appealed, CR Doc. 283, and his sentence was affirmed. United States v. Lott, 66 F. App'x 523 (5th Cir. 2003). His petition for writ of certiorari was denied. Diggs v. United States, 538 U.S. 1068 (2003).

II.

Grounds of the Motion

Movant alleges that his convictions and sentences on Counts 11, 15, and 17 [sic] were imposed in violation of the Constitution, the sentences were in excess of the maximum authorized by law, and the convictions and sentences were otherwise subject to collateral attack. Specifically, he contends that his § 924(c) convictions are invalid because they are based on convictions for conspiracy to commit Hobbs Act robbery, which is no longer characterized as a crime of violence.

6

III.

Standard for Maintaining a Successive Motion

Before movant can proceed with his motion, he must "actually prove . .. that the relief he seeks relies either on a new, retroactive rule of constitutional law or on new evidence." United States v. Wiese, 896 F.3d 720, 723 (5th Cir. 2018). To prove that his successive motion relies on the rule established in United States v. Davis, 129 S. Ct. 2319 (2019), movant must show that it was "more likely than not" that he was sentenced under the residual clause. That is, he must show that the offenses underlying his § 924(c) convictions were categorized as crimes of violence only through reliance on the now-defunct residual clause. United States v. Clay, 921 F.3d 550, 554, 559 (5th Cir. 2019). In making this analysis, the court looks to the sentencing record for direct evidence of reliance or non-reliance on the residual clause, and the relevant background legal environment that existed at the time of movant's sentencing and the presentence report and other relevant materials before the court. Wiese, 896 F.3d at 724-25.

IV.

Analysis

Here, movant says that his § 924(c) convictions were predicated on conspiracy to commit Hobbs Act robbery, which,

7

after Davis, no longer qualifies as a crime of violence. He points to the listing in the judgment, which refers to the "nature of offense" as "conspiracy to obstruct interstate commerce by robbery and aiding and abetting." CR Doc. 293. The Fifth Circuit likewise picked up on this erroneous description in reciting that movant had been convicted of "three counts of conspiracy to obstruct interstate commerce by robbery." 66 F. App'x at 523.

Looking at the sentencing record, it is clear that the description used in the judgment was not correct. The indictment itself was duplicitous, charging more than one offense in the Hobbs Act counts. United States v. Miller, 520 F.3d 505, 512 (5th Cir. 2008). Movant failed to challenge the duplicity and thus waived any complaint. United States v. Baytank (Houston), Inc., 934 F.2d 599, 609 (5th Cir. 1991). Any harm was cured when the government requested the court to charge the jury as to robbery. See Reno v. United States, 317 F.2d 499, 502 (5th Cir. 1963). As recited, supra, the court' charge clearly required the jury to find that movant committed the robberies described in counts 10, 14, and 26. Further, both the indictment and the court's charge required the jury to find that movant had used and carried a firearm in relation to "the commission of a crime of violence, namely: a robbery, which obstructed, delayed, and affected

8

commerce, a violation of Title 18, United States Code, Section 1951, as alleged" in the indictment.

The court's charge as to conspiracy applied only to Count One of the indictment against movant's co-defendant, Lott. CR Doc. 323 at 628-31. Lott was charged in Count One with conspiracy to commit bank robbery. CR Doc. 75 at 1-2. The jury was not charged as to conspiracy to commit Hobbs Act robbery. Nor was there any reference to conspiracy with regard to the charge as it pertained to movant. There can have been no confusion by the jury on this issue. Jurors are presumed to follow the instructions given by the court. United States v. Burns, 526 F.3d 852, 858 (5th Cir. 2008). Those instructions required the jury to find movant guilty of robbery in order to convict him of the § 924(c) charges.

Finally, even if one could speculate that the jury might have found movant guilty of conspiracy to commit Hobbs Act robbery, such a showing would not meet movant's burden to pursue a successive motion under § 2255. See United States v. Hernandez, 779 F. App'x 195, 199-200 (5th Cir. 2019). He can only speculate as to what the jury found. He cannot show it was more likely than not that his 924(c) convictions were premised on a residual-clause offense.

9

The argument in movant's reply, that the verdict was a general one that must now be set aside because "the Constitution forbids conviction on a particular ground," is not apropos. This is not a case like any of those cited where a verdict was required to be set aside when one of the underlying grounds was declared unconstitutional and is was impossible to say under which clause of the statute the conviction was obtained. See Stromberg v. California, 283 U.S. 359 (1931). Further, the argument that Fifth Circuit precedent required that where a jury verdict is ambiguous, a sentence imposed for a conviction on a count charging violations of multiple statutes or provisions of statutes must be deemed a conviction for the crime with the lowest of the potentially applicable maximums actually favors the government. See United States v. Conley, 349 F.3d 837, 840 (5th Cir. 2003). If, as movant now argues, he could have been convicted of conspiracy or Hobbs Act robbery, his maximum sentence would have been five years on each of Counts 10, 14, and 26. He was sentenced to 78 months on each of those convictions and never raised the issue. The argument that he was convicted of conspiracy has long been waived.

As for the argument that the courts have often referred to conspiracy in describing the charges, the court notes that the Fifth Circuit also referred to "the time period in which

[movant] was committing the robberies" and his "motive to commit the bank robberies." United States v. Lott, 66 F. App'x at *1. Loose language is not unusual in opinions.

V.

Order

The court ORDERS that movant's motion be, and is hereby, dismissed.

SIGNED May 29, 2020.

JOHN McBRYDE
United States District Judge

11